**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLARENCE A. GIPBSIN,<br><br>           Petitioner,<br><br>      v.<br><br>UNITED STATES, et al.,<br><br>           Respondents. | Case No. 2:25-cv-3288-ODW-RAO<br><br>ORDER SUMMARILY DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION AND DENYING CERTIFICATE OF APPEALABILITY |

## I.  **BACKGROUND**

On March 27, 2025,[1] Petitioner Clarence A. Gipbsin ("Petitioner"), proceeding *pro se* and *in forma pauperis*, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. Petitioner seeks habeas relief from state custody arising from his 1991 conviction in Los Angeles County Superior Court, case no. BAO16268-02 ("1991 conviction"). Dkt. No. 1 ("Pet.") at 2.

---

[1] Under the "mailbox rule," when a *pro se* prisoner gives prison authorities a pleading to mail, the court deems the pleading constructively "filed" on the date it is signed. *Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010).  The Petition was filed in this Court on April 7, 2025.

1    The records of this Court establish that Petitioner has filed multiple habeas

2 petitions related to his 1991 conviction in this District prior to the instant Petition.

3 Several of these prior petitions were dismissed either on the merits or as second or

4 successive petitions without authorization from the Ninth Circuit.  *See, e.g.*, *Gipbsin*

5 *v. L.A. Dist. Att'y*, Case No. 2:18-cv-102 (C.D. Cal. Jan. 22, 2018) ("2018 Petition");

6 *Gipbsin v. People*, Case No. 2:17-cv-2656 (C.D. Cal. Apr. 28, 2017) ("2017

7 Petition"); *Gipbsin v. Louis*, Case No. 2:13-cv-3000 (C.D. Cal. June 21, 2013) ("2013

8 Petition").  The Court dismissed with prejudice Petitioner's 2013 Petition as time

9 barred.  *See* Order Dismissing Habeas Petition as Time-Barred, *Gipbsin v. Louis*, No.

10 2:13-cv-3000 (C.D. Cal. June 21, 2013), ECF No. 12.  The Court dismissed the 2017

11 Petition and 2018 Petition as successive.  *See* Order Summarily Dismissing

12 Successive Petition for Writ of Habeas Corpus for Lack of Jurisdiction and Denying

13 Certificate of Appealability, *Gipbsin v. People*, No. 2:17-cv-2656 (C.D. Cal. Apr. 28,

14 2017), ECF No. 5; Order Summarily Dismissing Successive Petition for Writ of

15 Habeas Corpus for Lack of Jurisdiction and Denying Certificate of Appealability

16 *Gipbsin v. L.A. Dist. Att'y*, No. 2:18-cv-102 (C.D. Cal. Jan. 22, 2018), ECF No. 4.

17    A review of the instant Petition demonstrates that Petitioner again seeks federal

18 habeas relief from his state custody arising from his 1991 conviction.  Pet. at 2–6.

19 The Petition fails to establish that the Ninth Circuit has authorized Petitioner to bring

20 a successive petition in this Court.  For the reasons stated below, the Court dismisses

21 the Petition for lack of jurisdiction.

22 **II.    <u>STANDARD OF REVIEW</u>**

23    A district court may rely on the petition and any attached exhibits to dismiss a

24 petition that plainly shows that the petitioner is not entitled to habeas relief.  Rule 4,

25 Rules Governing Section 2254 Cases in the United States District Courts.  Because

26 a district court's ability to hear a second or successive petition is jurisdictional, the

27 court may *sua sponte* dismiss the petition on that ground.  *See Burton v. Stewart*, 549

28 U.S. 147, 152–53 (2007); *Day v. McDonough*, 547 U.S. 198, 205–06 (2006).

### III.  **DISCUSSION**

Habeas petitions filed after April 24, 1996, are governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  *Jones v. Davis*, 8 F.4th 1027, 1035 (9th Cir. 2021).  The United States Supreme Court has explained:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1).  In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A).  A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2).  § 2244(b)(3)(C); *Gonzalez v. Crosby,* 545 U.S. 524, 529-530, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005); *see also Felker v. Turpin,* 518 U.S. 651, 656-657, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).

*Burton v. Stewart*, 549 U.S. 147, 152–53 (2007).

Because Petitioner's claims in the instant Petition challenge the same 1991 conviction previously challenged on the merits in a prior habeas action, the Court finds that the instant Petition is clearly second or successive.  Moreover, the Petition and records of the Ninth Circuit establish that Petitioner has not sought and been granted authorization by the Ninth Circuit to file a successive petition for the purpose of raising his present claims.  Petitioner must first seek authorization from the Ninth Circuit to file his petition.  *Balbuena v. Sullivan*, 980 F.3d 619, 634–35 (9th Cir. 2020).

For these reasons, the Court finds that it lacks jurisdiction to consider the Petition.  The reference to the Magistrate Judge is therefore vacated, and the Petition is dismissed for lack of jurisdiction.  *Burton*, 549 U.S. at 152–53.  Any pending

3

1   motions are denied as moot, and the Clerk is directed to enter judgment dismissing

2   the Petition.

3   **IV.   CERTIFICATE OF APPEALABILITY**

4       Under AEDPA, a state prisoner seeking to appeal a district court's final order

5   in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA")

6   from the district judge or a circuit judge.  28 U.S.C. § 2253(c)(1)(A).  A COA may

7   issue "only if the applicant has made a substantial showing of the denial of a

8   constitutional right." 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by

9   demonstrating that jurists of reason could disagree with the district court's resolution

10   of his constitutional claims or that jurists could conclude the issues presented are

11   adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537

12   U.S. 322, 327 (2003).

13       When the Court dismisses a petition on procedural grounds, it must issue a

14   COA if the petitioner shows: (1) "that jurists of reason would find it debatable

15   whether the petition states a valid claim of the denial of a constitutional right"; and

16   (2) "that jurists of reason would find it debatable whether the district court was

17   correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

18       Here, the Court is dismissing the Petition without prejudice because it is a

19   successive petition without proper authorization from the Ninth Circuit.  Since the

20   Petition is patently a successive petition, Petitioner cannot make the requisite

21   showing that jurists of reason would find it debatable whether the district court was

22   correct in its procedural ruling.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1  **V.    <u>CONCLUSION</u>**

2       Based on the foregoing, IT IS ORDERED THAT:

3       1.  The Petition is **DISMISSED** without prejudice for lack of jurisdiction; and

4       2.  A Certificate of Appealability is **DENIED**.

5

6  DATED: April 22, 2025

7                                    _____

8                                    OTIS D. WRIGHT II
                                     UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28